UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT ALTER,

       Petitioner,

v.                                              Case No: 2:14-cv-675-FtM-29CM

FLORIDA ATTORNEY GENERAL and
SECRETARY, DOC,

       Respondents.[1]

## ORDER OF DISMISSAL

Petitioner Robert Alter ("Petitioner") initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1, filed November 17, 2014). Petitioner is presently confined at the South Florida Reception Center in Doral, Florida. Petitioner, proceeding *pro se*, challenges the sentences he received for attempted sexual battery on a child under age twelve and for lewd and lascivious molestation of a child under age twelve (Doc. 1 at 4).

---

[1] The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). This is "the person with the ability to produce the prisoner's body before the habeas court." Id. at 435-36. When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the attorney general or some other remote supervisory official." Id. at 436 (citations omitted). In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections. Therefore, the Florida Attorney General will be dismissed from this action.

The Court ordered Respondent to show cause why the relief sought in the amended petition should not be granted (Doc. 8). Respondent filed a response to the petition which addressed the petition's timeliness and incorporated a motion to dismiss the petition as time-barred (Doc. 11; Doc. 13). Despite being directed to do so (Doc. 12), Petitioner did not reply to the response.

Petitioner asserts that the "trial court erred in sentencing [him] to the highest charge of sexual battery [where] the evidence was insufficient to support the charge of sexual battery[.]" (Doc. 1 at 5). The Court cannot reach the merits of this claim because, as explained below, the pleadings and attachments before the Court establish that the petition should be dismissed as untimely.

I. **Background and Procedural History**

Petitioner pleaded guilty, in nine separate cases, to a total of three counts of attempted sexual battery and to twenty counts of lewd and lascivious molestation of children under the age of twelve (Ex. 2). Petitioner was sentenced to thirty years in prison on each count, with the sentences to run concurrently (Ex. 3; Ex. 4; Ex. 5; Ex. 6; Ex. 7; Ex. 8; Ex. 9; Ex. 10; Ex. 11). Petitioner did not appeal any of the convictions or sentences.

On February 7, 2014, Petitioner filed a motion to correct his sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. 12). The motion was denied on February 12, 2014

(Ex. 13).  Florida's Second District Court of Appeal affirmed (Ex. 14).  Mandate issued on October 24, 2014 (Ex. 15).

Petitioner filed the instant habeas petition on November 17, 2014 (Doc. 1).

**II. Analysis**

    **A.   A 28 U.S.C. § 2254 federal habeas corpus petition is subject to a one-year statute of limitation**

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  This limitation period runs from the latest of:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Petitioner does not allege, nor does it appear from the pleadings or record, that the statutory triggers set forth in §§ 2244(d)(1)(B)-(D) apply. Therefore, the statute of limitations is measured from the remaining statutory trigger, which is the date on which Petitioner's conviction became final. 28 U.S.C. §§ 2244(d)(1)(A).

> **B. Petitioner's federal habeas corpus petition is untimely under 28 U.S.C. § 2244(d)(1)(A)**

Petitioner does not identify the specific state-court judgment under attack in the instant petition. The latest judgment, in case number 2011-CF-265 was entered on July 27, 2011 (Ex. 6). Because Petitioner did not appeal the judgment, it became final thirty days later. See Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002) (where petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date his 30-day right to appeal expired); Fla. R. App. P. 9.140(b)(3) (an appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between rendition of a final judgment and 30 days following rendition of a written order imposing sentence.").

Petitioner's latest judgment became final on August 26, 2011. Petitioner then had until August 26, 2012 to file his federal habeas petition. Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (AEDPA's one year "limitations period should be calculated

according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run.") (citing Ferreira v. Sec'y Dept. of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

Petitioner's federal habeas petition was filed on November 17, 2014.[2]  Therefore, it was filed 813 days late unless tolling principles apply to render it timely.

### C. Petitioner's habeas corpus petition is not subject to statutory or equitable tolling

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Petitioner filed his Rule 3.800 motion on February 7, 2014 (Doc. 2 at 8). However, by that time, Petitioner's AEDPA period had lapsed, and the Rule 3.800 motion could not operate to toll the statute of limitation. See Tinker v. Moore, 255 F.3d 1331,

---

[2] This is the filing date under the "mailbox rule."  See Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if [that] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").  For purposes of calculating time, the Court will apply the mailbox rule and refer to the dates Petitioner signed his documents and submitted them to prison authorities.  Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

1333 (11th Cir. 2001) (a state court petition that is filed following the expiration of the federal limitations cannot toll the limitations period because there is no remaining period to be tolled).

Neither is Petitioner entitled to equitable tolling of the AEDPA statute of limitations. The Eleventh Circuit has held that "the AEDPA's statute of limitations may be equitably tolled when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002) (internal quotation marks omitted). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). "Equitable tolling is limited to rare and exceptional circumstances, such as when the State's conduct prevents the petitioner from timely filing." Id.

Although Petitioner was directed to respond to Respondent's motion to dismiss the petition as time barred (Doc. 12), he has not done so. Nor did Petitioner argue in his petition that his untimeliness should be equitably excuse.[3] Petitioner has

---

[3] Petitioner appears to assert in his petition that he had one year from the denial of his Rule 3.800(a) motion to file a federal habeas petition. This is incorrect. See 255 F.3d at 1333. To the extent Petitioner seeks to excuse the untimeliness by arguing his unfamiliarity with the legal process or ignorance of the law, these assertions do not support equitable tolling. See Johnson v. United States, 544 U.S. 295, 311 (2005)(stating that

presented no evidence that he was the victim of "extraordinary circumstances that [were] both beyond his control and unavoidable even with diligence," and thus, he does not qualify for equitable relief. Knight, 292 F.3d at 711. Nor has Petitioner exercised the level of diligence required to show the "rare and exceptional circumstances" that qualify a petitioner for equitable tolling. See Lawrence, 421 F.3d at 1226.

Finally, Petitioner has not shown that he is entitled to have the untimeliness of his § 2254 petition excused based on actual innocence. A district court may entertain an untimely § 2254 petition where the petitioner asserts a credible claim of actual innocence. See San Martin v. McNeil, 633 F.3d 1257, 1267–68 (11th Cir. 2011). This exception applies to cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner. McQuiggin v. Perkins, 133 S. Ct. 1924, 1933 (2013). Here, Petitioner argues only that the evidence was insufficient to sentence him on the charges of sexual battery (Doc. 1 at 4). He presents no "new reliable evidence" showing that he is actually innocent of the crimes to which he pleaded guilty. See Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1016-17 (11th Cir. 2012). Therefore, Petitioner is not entitled to

---

"the Court has never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness.").

have the untimeliness of his § 2254 petition excused based on the actual-innocence exception.

Petitioner is not entitled to statutory or equitable tolling of the AEDPA one-year statute of limitation. This petition is dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

### III. Certificate of Appealability

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (citations omitted). Petitioner has not made the requisite showing in these circumstances and is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   The Florida Attorney General is **DISMISSED** from this action as a named Respondent.

2. The Petition for Writ of Habeas Corpus filed by Robert Alter (Doc. 1) is **DISMISSED WITH PREJUDICE** as time-barred.

3. Petitioner is **DENIED** a Certificate of Appealability.

4. The Clerk of the Court is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this __23rd__ day of September, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Robert Alter
Counsel of Record